## ALEXANDER MAXWELL vs. CHARLES DEVALINGER.

*Foreign Attachment—Bill of Particulars—Variance—Evidence—Payment; Presumption of—Statute of Frauds; Construction of—Judgment; Lien of—Statute—Constitution.*

1. The object of a bill of particulars is to give reasonable notice of the subject matter involved, and reasonably inform the defendant as to the nature and character of the claim and the several items thereof, which he may be required to meet. But the Court has never held to exactness of time between the proof and that contained in the bill of particulars.

2. There is a presumption of payment of a judgment after twenty years or more from the recovery thereof, without any payment or process upon it or recognition or acknowledgment of it, within twenty years, as a subsisting debt. But such presumption may be rebutted by evidence of some acknowledgment or other recognition.

3. The statute of frauds held to apply to contracts which, according to the intent and express understanding of the parties, cannot possibly be performed within one year, or which, by the special terms thereof, are to continue for more than one year; but not to such as may, by any possibility, be performed within a year, or when the performance rests upon a contingency which may happen within a year.

4. The act of 1893, known as the lien law, *Revised Code, 814*, held to be constitutional, a reasonable time having been given by the terms of the act to judgment creditors in which to renew and continue their liens. Such statute merely affects the remedy for the enforcement of the judgment; that is, it shortens the time for the existence of the lien, without impairing the obligation of the contract.

(*May 21, 1900.*)

Judges GRUBB and BOYCE sitting.

*Edwin R. Cochran, Jr.,* and *Peter L. Cooper, Jr.,* for plaintiff.

*Harry Emmons* for defendant.

Superior Court, New Castle County, May Term, 1900.

FOREIGN ATTACHMENT CASE (No. 178, May Term, 1897). The facts appear in the charge of the Court.

BOYCE, J., charging the jury.

Gentlemen of the jury:—It is admitted by the parties to this action, that Alexander Maxwell, the plaintiff therein, did, on or about the seventh day of March, A. D. 1893, duly execute and deliver his indenture of bargain and sale for his hotel and premises, situate in the town of Middletown, this county, to Charles DeValinger, the defendant, and that the consideration therein mentioned, was the sum of $22,000. It is further admitted that the sum of $21,600 part thereof was paid by the defendant to the plaintiff at the time of the delivery of the said deed of conveyance, leaving a balance of $400 unpaid and remaining in the hands of the defendant.

The alleged facts involved in this case, and in dispute, are, in substance, as follows: Maxwell contends that by reason of an old judgment entered against him, at the suit of Riddle, Pennock & Company, for the real sum or debt of $199.41 with interest thereon from the 10th day of December, A. D. 1857, being No. 206 to the November Term (1857) of this Court, and remaining open and unsatisfied upon the records of this Court on the said 7th day of March, A. D. 1893, he stipulated with DeValinger in relation to the lien of said judgment, and that it was then agreed by and between them that he should deliver his said deed to and accept from DeValinger the amount of the consideration money mentioned in the deed less the sum of $400, which last mentioned sum the latter should retain and hold as an indemnity against the encumbrance of the said judgment, until the lien thereof should be lost by operation of a statute, the enactment of which he alleges was then in contemplation by the General Assembly of this State then in biennial session, and that the said sum of $400, was to be paid to him by the defendant whenever such a statute should be enacted and become effective for the interruption and loss of the lien of said judgment.

DeValinger, on the contrary, contends that upon the discovery of the said judgment, after he had bargained for the said hotel property and before the delivery of the deed therefor, Maxwell agreed to deliver the said deed to him, upon the payment of the said sum of $21,600 as in full payment of the consideration therein, leaving him, the defendant, to assume the risk of the lien or encumbrance of the said judgment, and that the sale of the said property was effected upon these terms. And that he did not agree to pay the balance of the purchase money, to wit, the said sum of $400 to Maxwell as now contended by the latter.

You are the sole judges of the testimony of the witnesses produced before you in this case. We are not permitted, if we would, to aid or to try to aid you by a review of or comment upon the evidence. You are to weigh and determine it in connection with our instructions as to the law upon which we have been asked to charge you, as best you may under the sanction of your oaths, without favor or prejudice towards either party.

The bill of particulars filed in this case is in the following words :

" Charles DeValinger to Alexander Maxwell, Dr. January 1, 1896. To balance of purchase money of National Hotel property, Middletown, Delaware, promised to be paid January 1, 1896, $400.00. Interest on same from January 1, 1896."

This Court has never held to exactness of time between the proof and that contained in the bill of particulars. Its object is to give a reasonable notice of the subject matter involved and to reasonably inform the defendant as to the nature and character of the claim, and the several items thereof, which he may be required to meet.

*Levy vs. Gillis, 1 Pennewill, 121 ; Stephens vs. Green Hill Cemetery Co., 1 Houst., 28.*

The defendant claims that there is a variance between the bill of particulars and the contract actually proved which we disregarded in the motion made for a nonsuit.

If you find from the evidence, that an agreement was made

by and between the parties to this action to the effect that the defendant should pay to the plaintiff the said sum of $400. whenever a statute should be enacted and become effective for the purpose of extinguishing the lien of judgments of long standing (and we say to you that the lien law of 1893, being a public act, was subsequently enacted and became operative on the first day of January, 1896), then in such case as the defendant was to pay the balance of the purchase money on the said first day of January, 1896, at which time the said act became operative, the day of the date of the alleged promise to pay as set forth in the bill of particulars, there was no variance between the bill of particulars and the evidence. Of course it is for you to find from the evidence whether such an agreement was, in fact, entered into.

We have been asked to charge you that the said judgment was, at the time of the delivery of said deed, presumed in law to be paid by reason of the long lapse of time since the entry thereof.

We say to you that there is a presumption of payment of a judgment after twenty years or more from the entry or recovery thereof, it being wholly due and payable for a like period, without any payment or process upon it or recognition or acknowledgment of it, within twenty years, as a subsisting debt. And where nothing is shown to the contrary, it is presumed in law to have been fully paid and discharged. But while the legal presumption of payment may exist with reference to a judgment of such long standing, yet such presumption does not operate as an absolute bar to a recovery upon such judgment. Such lapse of time is *prima facie* evidence of payment only, which may be rebutted by competent, satisfactory proof of some acknowledgment or the recognition of said judgment within twenty years. And in the absence of a statute limiting the liens of judgments, a party taking title to real estate with the lien of an old judgment remaining open and unsatisfied, does so at the risk of having the judgment revived and the lien thereof continued by proper proceedings had for that purpose.

The burden of removing the legal presumption of the payment of a judgment is upon the party seeking to rebut it.

*Robinson's Admr. vs. Milby's Admr., 2 Houst., 387; Farmers Bank vs. Leonard, 4 Harr., 536.*

We may say to you that nothwithstanding the presumption of payment of the said judgment, remaining open upon the records of this Court against the plaintiff, yet it was competent for the parties to this action to have made a good and valid agreement between them, at the time of the delivery of said deed, with reference to the possible continuance of the encumbrance of said judgment, or its extinguishment by legislative enactment—such as each of the parties claims was made touching the said $400, which the defendant did not pay to the plaintiff when the said deed was delivered.

*Section 7, Chapter 63 Revised Code 1893,* known as the statute of frauds and perjuries in this State, provides, among other things, that "no action shall be brought whereby to charge any person * * * upon any agreement that is not to be performed within the space of one year from the making thereof * * *, unless the same shall be reduced to writing, or some memorandum or note thereof, shall be signed by the party to be charged therewith" * * *. It is admitted that the alleged agreement, whatever it may have been, was not reduced to writing. It has been urged by counsel for the defendant, that although the contentions of the plaintiff be admitted, yet his alleged agreement was such as was not to be performed within the space of one year from the time of the making thereof, and not having been reduced to writing and signed by the defendant as required by the statute of frauds, it cannot be enforced by an action at law. He urges that the said alleged agreement was entered into on or about the 7th day of March 1893, and that it was by the express terms thereof, as disclosed by the plaintiff's testimony, not to be performed until the 1st day of January, 1896, or nearly three years thereafter.

The statute of frauds applies to agreements which, according to the intent and express understanding of the parties at the time of the making thereof, cannot possibly be performed within the space of one year, thereafter. If the performance of the agreement within one year from the time of the making thereof be distinctly contrary to and inconsistent with the intent of the parties, at the time of entering into the same, then such an agreement must be evidenced by writing as required by the statute, else a recovery thereon may not be had. But while it is true that when it is clearly the intention of the parties that an agreement shall not be performed within a year it must be reduced to writing or some memoranda or note thereof must be made and signed by the party to be charged therewith, yet it is equally true that the statute does not extend to an agreement which may, by any possibility, be performed within a year, in accordance with the understanding and intention of the parties at the time when the agreement was entered into. And if the specific time of performance be not determined upon at the time of the making of the contract, yet if by any possibility it may be performed within a year, the statute does not apply, and such an agreement need not be in writing. And likewise when the performance of the agreement rests upon a contingency which may happen within a year.

On May 4, 1893, the Legislature of this State passed an act limiting judgment liens upon real estate, and for other purposes, being *Chapter 778, Volume 19, Laws of Delaware.* And section 3 of said act provides, that "After the first day of January, A. D. 1896, no real estate shall be seized or taken by virtue of execution process upon any judgment for the recovery of money entered or recorded in the Superior Court of this State in any county prior to the first day of January, A. D., 1886, and wholly due and payable on or before the day and year last aforesaid, and from and after said first day of January, A. D., 1896, the lien of such judgment upon real estate shall be lost, unless prior to that time such lien shall be renewed and continued by agreement filed, or *scire facias* sued out in manner as provided in the preceding section of this

act." (Before this act went into effect, it was limited in its operation to New Castle County). You will observe that this section provides for the loss of the lien of any judgment for the recovery of money entered or recorded in the Superior Court in and for New Castle County prior to the first day of January, A. D. 1896, and wholly due and payable on or before the last mentioned day and year; and it is by virtue of this act that it is now claimed that the lien of the said judgment, entered against Maxwell in the year 1857, is lost, the lien thereof not having been renewed and continued as provided by the said act of Assembly.

Section 1 of the same act provides " that no judgment for the recovery of money hereafter entered or recorded in the Superior Court of this State in any County (New Castle County) * * * howsoever recorded in said Court, shall continue a lien upon real estate for a longer term than ten years next following the day of entry or recording of such judgment," etc. The question as to the power of the Legislature to pass a statute abridging the time or duration of the lien of a judgment has been raised in this case. We say to you that it was competent for the Legislature to pass the said act, shortening the time during which the lien of a judgment entered thereafter may continue upon real estate without a renewal of such judgment, and that its application to the liens of judgments which had attached before the passage of the said act is not open to any constitutional objection—a reasonable time, from May 4, 1893, to January 1, 1896, having been given by the terms of the act to judgment creditors in which to renew and continue their liens. The statute merely affects the remedy for the enforcement of the judgment in shortening the time of the existence of the lien thereof without renewal as provided by the act. And it does not impair the obligation of the contract of the judgment creditor.

*1 Black on Judgments, Sec. 403 ; McCormack vs. Alexander, 2 Ohio, 66 ; The Bank of United States vs. Longworth and Wright, 1 McClear, 35 ; Cooley's Const. Lims. (5th Ed.) top page 384, star page 287.*

We, therefore, say to you that the said act of 1893, known as the lien law, has had the effect to interrupt and destroy the lien of the said judgment against Maxwell, it not having been renewed and continued under the provisions of the statute, prior to the first day of January, 1896; and that since then (January 1, 1896) the said judgment has not been a lien upon the said property conveyed to the defendant.

We have now announced the law upon such of the prayers of counsel as we deem it material and necessary to charge you. If you find from the evidence that the defendant agreed with the plaintiff, at the time of the delivery of the said deed, to pay the plaintiff the said sum of $400 upon the passage of an act by the General Assembly, which would interrupt and destroy the lien of the said judgment on said hotel property, and that the time of payment was not more definitely fixed between them, then such agreement rested upon a contingency which was possible to happen within a year, and it was not, therefore, within the statute of frauds; or if you find that such an agreement as is contended for by the plaintiff was made at the time aforesaid and that at that time neither the plaintiff nor the defendant knew that January 1, 1896, or any other date more than a year thence would be incorporated in the proposed act of the General Assembly, and that it was made without reference to any specific time or date for the payment of the balance of said purchase money, then it was not such an agreement as the statute of fraud requires to be reduced to writing, and the plaintiff would be entitled to recover.

If, however, you should find that an agreement was made by which the defendant was to pay the plaintiff the said sum of $400 at any specified time, and that the agreement so made was not to be performed within a year, or until the first day of January 1896, nearly three years thereafter as it has been urged, then it was within the statute and should have been reduced to writing; and it not having been done, the defendant would be entitled to a verdict. Or, if you should find that the plaintiff

agreed to abate or give up to the defendant the said sum of $400 absolutely because of the cloud upon the title to the said hotel property, then, in that event, the defendant would be entitled to a verdict.

Verdict for plaintiff for $505.40.